UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHA L. PRASAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:19-cv-00746 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for disability insurance benefits under Title II of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment except as to remedy, and also grant defendant's motion for remand.

BACKGROUND

On May 13, 2013, plaintiff, born in 1967, filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning February 1, 2013. Administrative Transcript ("AT") 38, 56, 168, 183. Plaintiff alleged she was unable to work due to lower back pain, bilateral leg pain, shoulder pain, neck pain, dizziness, and high cholesterol.

AT 153, 169.  Following a hearing on October 22, 2015, the ALJ issued a decision on January 12, 2015 finding plaintiff not disabled.  AT 187-206.  Plaintiff appealed, and on August 29, 2017, the Appeals Council remanded the case for a new hearing.  AT 209-212.

Following a remand hearing on June 5, 2018, a different ALJ issued a decision dated November 13, 2018, again finding plaintiff not disabled.  AT 38-57.  Plaintiff challenges this decision in the instant case.

The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since February 1, 2013, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: cervical degenerative disc disease with radicular symptoms; lumbar degenerative disc disease with lumbar radiculitis; and depression.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, in that she can lift and carry twenty pounds occasionally and ten pounds frequently and sit for six hours of an eight hour day.  However, she can stand and walk for four hours of an eight hour day; she cannot climb ladders, ropes, and scaffolds; she can frequently stoop, crouch, crawl, and kneel.  She must avoid concentrated exposure to hazards (dangerous machinery, unprotected heights, etc.).  She can receive, remember and carry out simple instructions, and occasionally receive, remember and carry out detailed complex tasks.  She is able to interact appropriately with supervisors, co-workers, and the public.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7.  The claimant was born on XX/XX/1967 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  The claimant subsequently changed age category to closely approaching advanced age.
>
> 8. The claimant has a limited education and is able to communicate in English.
>
> 9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.
>
> 10. Considering the claimant's age, education, work experience, and

>residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
>11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2013 through the date of this decision.

AT 41-57.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

////

////

////

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ improperly rejected the opinions of treating and examining doctors; and (2) the three jobs identified by the ALJ exceeded plaintiff's residual functional capacity.

ANALYSIS

Plaintiff asserts that the ALJ improperly discounted the opinions of treating physicians Dr. Carolyn Fowle and Gregory Smith, treating source Edward Arias, P.A., and examining physician Dr. Les Kalman.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons.  Lester, 81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining

4

professional.  Lester, 81 F.3d at 831.

In its August 29, 2017 remand order, the Appeals Council instructed the ALJ on remand to consider additional evidence, including a January 19, 2016 mental RFC assessment by treating physician Dr. Carolyn Fowle.  AT 209.  The Appeals Council noted that Dr. Fowle's assessment

> indicates that she has treated the claimant every other week since November 27, 2015.  Dr. Fowle diagnosed an Adjustment Disorder with anxiety and depression, and she gave a poor prognosis.  Dr. Fowle opined that the claimant is incapable of even low stress jobs and her symptoms are severe enough to interfere with the attention and concentration needed to perform even simple work tasks on a constant basis.  This assessment, if accepted, may preclude past relevant work or significant [sic] affect the claimant's occupational base.  Thus, these opinions [including Dr. Fowle's] need to be addressed.

AT 209, citing AT 1730-1732.

On remand, the ALJ briefly summarized Dr. Fowle's January 2016 opinion, which indicated that plaintiff "was totally disabled, incapable even of low stress jobs."  AT 54.  The ALJ included Dr. Fowle's opinion in a group of opinions accorded "no weight," reasoning that "the determination of disability is an issue reserved to the Commissioner."  AT 55.  The ALJ did not provide specific and legitimate reasons, supported by substantial evidence, to discount Dr. Fowle's particular findings as to plaintiff's mental limitations.

Similarly, the ALJ accorded no weight to the opinions of treating physician Dr. Gregory Smith and treating provider Edward Arias, PA[1], who opined on plaintiff's physical limitations and functionality in 2015, 2016, and 2017.  AT 54-55.  The ALJ gave the same brief reason for rejecting these medical opinions as above: "the determination of disability is an issue reserved to the Commissioner."  AT 55.  This is an insufficient reason to reject these treating providers' assessments of plaintiff's physical limitations and abilities.

The ALJ included the August 2016 assessment of Dr. Les Kalman in the group of medical opinions summarily dismissed for reaching the issue of disability.  AT 54-55.  Dr. Kalman opined that plaintiff would be absent from work more than three times per month.  AT 1794.  Again, the

---

[1] The decision names this provider as "Edward Arvin" and "Edward Ariss," respectively. AT 54-55.

5

ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting the function-by-function assessments of an examining physician.

Conceding that "the ALJ erred in evaluating some of the[] opinions," defendant filed a motion for remand in response to plaintiff's motion for summary judgment. (ECF No. 10.) As defendant acknowledges harmful error, and the undersigned agrees, plaintiff is entitled to summary judgment in this case.

REMEDY

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Defendant requests that this matter be remanded for further administrative proceedings pursuant to 42 U.S.C. § 405(g), "where the Appeals Council will instruct the ALJ to reevaluate the medical evidence, including, but not limited to, all medical source opinion and to take further action, as warranted, to complete the administrative record and resolve the above issues." (Id. at 1.)

The motion for remand continues:

> Defendant sought Plaintiff's stipulation to remand this case for further proceedings, but parties could not agree on the issue of remedy. Remand for payment would be inappropriate in this case as conflicting medical opinion evidence creates outstanding issues that require further consideration. Further, this is a case where many of Plaintiff's own treating and examining doctors opined that Plaintiff has little to no limitations and her 'complaints were far out of proportion to any findings.'[2] Thus, . . . payment [is] inappropriate as there is significant doubt if Plaintiff is in fact disabled for the period alleged.

(ECF No. 10 at 2.)

Defendant points out that "this case involves opinion evidence from over a dozen medical sources, and includes opinions that range from no significant physical or mental impairment at all, to significant mental and physical limitations." (ECF No. 10 at 4.) As to physical limitations, for example, State agency examiners Dr. Pham and Dr. Jone opined, based plaintiff's record, that she could perform medium work (AT 50, 165-165, 179-180); medical evaluator Dr. Chitnis opined that she was only precluded from performing heavy work, due to pain (AT 51, 914-915); examiner Dr. Gordan opined, after reviewing plaintiff's records, that there was "no basis for continual functional impairment" during the relevant time period (AT 50, 1358); and consultative examiner Dr. Fernando opined that plaintiff could perform light work (AT 51, 914-915).

Similarly, there was a wide range of opinions on plaintiff's mental limitations. For example, treating physician Dr. Vuong opined that plaintiff had no significant mental limits from performing work tasks (AT 52, 785-787); State agency medical consultants Dr. Gottschalk and Dr. Davis opined that she had no severe psychiatric impairment (AT 25, 162, 177); while, as noted above, Dr. Fowle opined that plaintiff was "incapable of even low stress jobs" and that her mental symptoms would preclude "even simple work tasks on a constant basis." AT 209, 1730-1732.

In addition to assessing widely divergent opinions on the severity of plaintiff's

---

[2] Citing AT 48, 50, 1375 (noting reviewing physician Dr. Dennis Gordan's August 2014 conversation with primary care physician Dr. Reed Vuong, who "confirmed that [plaintiff]'s complaints were far out of proportion to any findings").

1  impairments, the ALJ found her less than credible as to the intensity, persistence, and limiting
2  effects of her symptoms, in an unchallenged finding.  AT 45.  One fact that bore on credibility
3  was that plaintiff's alleged onset date corresponded to the date her place of employment closed,
4  and that "the record evidences her impairments are historic," generally dating back to 2008.  AT
5  46.  "Despite having substantially similar impairments, with treatment, the claimant continued
6  work activity until the plant closed," the ALJ noted.  AT 46.  As a second reason to discount
7  credibility, the ALJ stated that "findings upon physical exams and in medical imagery do not
8  correspond to the level of pain and limitation alleged while symptoms are controlled and
9  improved with the treatment received. . . . [T]he record does not reveal any significant signs that
10 persisted throughout the relevant period."  AT 46 (record citations omitted).

11      Plaintiff asserts that, because this matter was already remanded for further administrative
12 proceedings, resulting in the challenged decision, "the improperly rejected opinions [should] be
13 credited as true and this case be remanded for an award of benefits."  (ECF No. 11 at 3.)
14 However, because the record as a whole creates serious doubt as to whether plaintiff was disabled
15 during the relevant period, remand for further proceedings is the appropriate remedy.

16      On remand, the ALJ is free to develop the record as needed, including asking a vocational
17 expert hypothetical questions about available jobs based on a revised RFC.  The court expresses
18 no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or
19 inconsistencies resolved, on remand.  The court also does not instruct the ALJ to credit any
20 particular opinion or testimony.  The ALJ may ultimately find plaintiff disabled during the
21 entirety of the relevant period; may find plaintiff eligible for some type of closed period of
22 disability benefits; or may find that plaintiff was never disabled during the relevant period,
23 provided that the ALJ's determination complies with applicable legal standards and is supported
24 by the record as a whole.

25      Accordingly, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for
26 further administrative proceedings.

27      Accordingly, IT IS HEREBY ORDERED that:
28      1. Plaintiff's motion for summary judgment (ECF No. 9) is partially granted and

judgment entered in plaintiff's favor, but denied as to remedy;

    2. The Commissioner's motion for remand (ECF No. 10) is granted; and

    3. This matter is remanded for further proceedings consistent with these findings and recommendations.

Dated:  August 31, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/prasad0746.ssi.ckd